# Proctor *vs* Mather, Walton & Hollowell.

ASSUMPSIT.

APPEAL FROM THE MASON CIRCUIT.

*Merger. Payment. Bills of Exchange.*

Case 97.

CHIEF JUSTICE EWING delivered the opinion of the Court.

April 29.

MATHER, WALTON & HOLLOWELL filed their declaration in assumpsit, against Proctor, in which there are three counts, for goods, wares and merchandize, sold and delivered, to which the defendant pleaded non-assumpsit, which was joined, and the facts and law of the case submitted, by consent, to the Court for adjudication. Judgment having been rendered for the plaintiffs below, for $855 97, the defendant has appealed to this Court.

The case stated.

It appears that Proctor had purchased from Mather, Walton & Hollowell, in Philadelphia, goods to a large amount; that payment of a part of the amount being made, Proctor executed his note to them for the balance, in six months, and a receipt was entered by them at the foot of the account, for the amount paid, and a receipt

for the note in the following words: "Received at same time, a note for seven hundred and ninety-seven dollars 98 cents, *when paid, in full* of the above bill." The account was admitted on the trial, by Proctor, to be correct, but he contended that it was taken up by the note, and produced the note, on the back of which was indorsed the following receipt: "Received draft on Messrs. Gillespie & Jones, payable *when in funds, with* interest, signed Mather, Walton & Hollowell." The draft was then exhibited by the plaintiffs below and admitted, which is as follows: "*When in funds, from the sales of produce in your hands,* pay to the order of Mather, Walton & Hollowell, eight hundred and one dollars 97 cents, for value received, with interest from date, and charge the same to account your obedient serv't.

JNO. N. PROCTOR.

To Messrs. Gillespie & Jones, Philadelphia."

It was admitted that the draft, or order, was given for the amount of the note, including a few dollars interest, which had accrued, and upon the giving of which, the note had been surrendered to Proctor to be cancelled. This suit was instituted more than twelve months after the draft, or order, was given. Upon these admitted facts, the Court rendered the judgment, embracing principal and interest up to the time when it was rendered.

The execution and delivery of a note for the am't of a balance due on account, and the account receipted in these words, "received a note for $—, when paid, in full of the above bill," does not merge the right of action on account.

If it be admitted that the note, being a security of higher dignity, merged the account, the surrender and cancelment of the note, revived the plaintiffs demand upon their account. But the note seems not to have been taken as an unqualified payment, or satisfaction of the account, but as a satisfaction only *when the note was paid.* The execution of the note therefore, can be construed to operate only as a suspension of the plaintiff's right to proceed upon their account, but not as satisfaction until the note was *paid;* and as it never was paid, but by the mutual agreement of the parties was given up to the obligor to be cancelled, the plaintiffs were entitled to all their former rights upon the account.

Nor is the receipt of a draft drawn on anoth-

The order or draft is not a bill of exchange, as it is made payable out of a specified fund, which was expected to arise from the sales of produce. It is merely a

letter of request to the drawers, to pay the amount designated, and furnished in itself no foundation for an action against the drawees or drawer, and cannot be deemed a merger of the account.  It is of no higher dignity than the account, and cannot be pleaded as an accord and satisfaction of the account, nor as payment until payment of the amount has been made, and which, if it has been done, it was the province of the defendant to plead and prove.  If an implication might be raised, from the face of the order, that the plaintiffs were to wait until funds should be in the hands of the drawees from the sales of produce, if produce was in their hands, which does not appear, and such implication could be deemed binding on the plaintiffs, (which we are not prepared to admit, as there is no consideration to support it,) it could only be implied that the plaintiffs should wait a reasonable time, which they have, by waiting more than twelve months before this suit was instituted.

If by the failure of the plaintiffs to present the order to the drawees, and to use reasonable efforts to collect the amount, and their failure to give notice to Proctor of its non-payment, he has lost the amount by the drawees insolvency in the mean time, with his funds in their hands, it was his province to make this defence, and exhibit facts to sustain it.  Having failed to do so, it is not necessary to decide whether such a defence could be available in this case.

Judgment affirmed, with costs and damages.

*Cavan & Cox* for appellant: *Hord* for appellees.

*[margin note: er in lieu of such note, payable 'when in funds,' a payment or merge the note or account, but the right of action still exists on the account.]*

